IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUTAVIS MITCHELL, #292 418, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-719-MHT |
| | ) | [WO] |
| TERRY MCINTYRE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 20, 2015, the court directed Plaintiff to forward to the Clerk of Court an initial partial filing fee in the amount of $45.54. *Doc. No. 5*. Plaintiff was cautioned that his failure to comply with the October 20 order would result in a Recommendation that his complaint be dismissed, and was allowed until November 10, 2015 to comply. *Id*. The requisite time has passed and Plaintiff has not provided the court with the initial partial filing fee. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failure to prosecute this action and comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to prosecute this action and comply with the orders of this court.

It is further ORDERED that **on or before December 7, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 20th day of November, 2015.

/s/  Gray M. Borden
UNITED STATES MAGISTRATE JUDGE